Okay, we'll call our next case. 25-3025, United States v. Capps. I plead this court, Ted Knott for the appellants Charles Capps and Dweglow, LLC. Thank you for the warm place to spend a Midwestern day. I have given you a special invitation to come see you. I'm looking forward to the heat of the questions you may have for us. This is a real estate case plunked into your criminal docket, and it involves the question of whether the government may slip the debtor in a restitution judgment into a real estate transaction for the express purpose of trying to reattach a restitution lien that has expired. Excuse me, could you please raise up your microphone? Please raise up your – there you go. Thank you. You're welcome. I'm sorry, Your Honor. So this is a case where the restitution lien of the government had failed to attach, had long since ceased to attach to any interest of the criminal defendant. Can I ask you a really basic question, and I apologize if I just did not get this from the briefing, but I'm trying to understand the relationship in terms of the arguments before us between Charles Capps and Dweglow. So, and specifically my question is, does Charles Capps have an argument for why he's entitled to the escrowed funds that doesn't depend on Dweglow? Your Honor, no. At this point, we – at this point, his rights are derivative of Dweglow. Because Dweglow, if the government has no interest, this money belongs to Dweglow, and Dweglow has made promises, arrangements with Charles Capps, and acknowledges the improvements that Charles Capps made in the property to make it into a commercially a marketable property. Okay, so now that we've resolved that we're not really dealing with Mr. Capps here, we're dealing with Dweglow and their arguments, how does Dweglow even get to make arguments here having not been an intervener and having not challenged the district court's decision to disallow intervention below? Your Honor, the way this happens is under the Chapman case of the Tenth Circuit. This case stands on whether the government can prove their entitlement to the proceeds. If the – and it can't prove a stand on any weakness in anybody else's claim, it just depends on whether the government can prove that they're entitled to these proceeds. And there are two fundamental reasons why they can't. Kansas is a foreclosure state. There's no non-judicial foreclosure. It's got redemption rights. I understand New Mexico does. Colorado has gotten rid of them for defendants, but has them for creditors, competing creditors. In Kansas, foreclosure wipes out nine out of the ten sticks in the bundle of rights that make up property rights. In this case, the foreclosure judgment against Michael Capps had already been entered by the time the restitution judgment had been entered. That means Michael Capps' interest in the real estate was gone. And the only interest he had left was the redemption right under the statute and the common law right to pay the judgment at the last minute before the sheriff's sale, but the right to redeem. In addition, we acknowledge that the government had the right to attach, had a lien on Michael Capps' redemption rights. We also acknowledge, assert, that the government had its own independent rights, not 90 days, but 120 days under 26 U.S.C. 7425A2. So the government, Michael Capps and the government, had those rights when the lien attached. And that's all the lien attached to. Well, let me ask you this mechanically. All right. So there's a foreclosure sale, and now all Mr. Capps has are redemption rights, which are liened, right, by the government. So the government doesn't own those rights. They have a lien on his rights. What, I mean, it's apparent in this case that there was a lot of transparency between Duaglo and the government and Charles Capps as to what was going on, on the redemptions and the agreements and various things like that. So everybody seemed to know what everybody else was doing. But let's say that's not true. Let's say Mr. Capps sold these redemption rights to someone else and that they were redeemed without the government's knowledge. Would the lien follow the proceeds? Yes. Yes, absolutely. The government has a lien on the rights and the proceeds of the sale of that right. There's no doubt about that. And so when Michael Capps sold his redemption rights, we'll get to the purchase money security. But when he sold his redemption rights and in return got a right to purchase the property, the government's lien attached to that right to purchase. It's proceeds of the sale and it's a property interest that belongs to Michael Capps. There's no dispute about that. But this one, these, and so this one bundle of rights, which is the redemption right, was swapped for another bundle of, sorry, another bundle of right that was the right to purchase the property by November 28th. Both of those rights. Well, the government doesn't have to purchase the property. If someone else purchases it, they just get to take their value out of it. Don't they?  No, not as against the purchase money security interest. And when that right, in order for the government to realize on that lien, they've got to do something. They have to attach that interest. In the case of redemption right, the government has funds for redemption. They had a redemption right. They had the right to redeem. They had the right to take the property away from Dwayglo within the 120 days by paying the amount provided in 28 U.S.C. 2410, which says pay Dwayglo what they paid in, give them 6% interest, plus give them any expenses they incurred, plus expenses reasonably incurred in connection with the property. That would be the way the government would collect on the redemption rights. The purchase option, the government would say, thank you very much. I'm going to exercise those. I'm going to attach them. I'm going to exercise them. And the government has to do that before they expire. Because they're evanescent. Evanescent. They expire. The redemption rights, if the government does nothing in 120 days, the right to redeem is gone. If the government doesn't exercise Mr. Capp's right to purchase, by the time the repurchase right expires, it's gone. And now the property belongs solely to someone other than the government. The government has slept on its rights to redeem. The government has slept on its right to purchase. And the government can't elbow its way into the transaction by saying, I will not give a release to the title company for my lien. I will not recognize the purchase money security interest. I will not give the title company comfort in it, unless you agree, all the parties agree, that the contract, that the deed will go from Dweglow through Michael Capps to the ultimate buyer, all in a simultaneous transaction. Council, I'm still further behind. You're more ahead getting to the merits of your arguments. And as I understand your argument, it's that Charles Capps, you're arguing that Charles Capps is entitled to the escrowed funds. And the government is saying that the arguments that you're making before us in support of that conclusion are waived. And I'd like you to explain why that is not the way we should be thinking. Why should we be rejecting the government's waiver position and finding that all of the arguments you're advancing in support of your position are properly before this court? We would assert that the arguments were made and presented to the district court. They weren't clearly made in the initial briefing. They were made in oral argument. They were made, the court invited a supplemental brief. The supplemental brief raised these arguments. And a motion to reconsider raised these arguments in detail. These arguments have not been waived. In fact, they've been presented to the court. Furthermore, we'd argue that this is the subject, it falls within the plain error review because- But you didn't argue plain error in your brief, right? No. No, okay. Because this, because the error, it's clearly an error. It's plain from the court's opinion. It's right there. There's a substantive loss to my client or to someone that my client hopes to get money from in the amount of $50,000. And it involves a public right. And it's asked the government to honor its, the Federal Debt Collection Procedures Act. And the limitations on its redemption rights and its right to, and the procedures it needs to follow. So procedurally, your case is really difficult. Because in the, before the district court, the person who you're representing now was never allowed to participate. Your Honor, you're right. I do represent the way, however, my argument is a little different. Okay. My argument is, from the opinion of the court, it's clear that the government has lost its right and has no claim. Okay, I understand that. But you have to represent somebody who can be here procedurally to say, it's mine. I might think that the government blew it and lost their right, but I can't bring a suit and say, hey, in that Dueglo and Charles Capps case, the government really blew it. They should lose that right. I have no standing to do that. And Dueglo sought to intervene and was denied. So they didn't even really, the district court didn't have to consider any of their arguments below. However- Do you agree with that? However, I agree with that, Your Honor. However, Charles Capps has an expectation. He has a, he had a mechanics lien. He has, the mechanics lien was part of the appeal. He has an expectation, an interest in this property that gives him the right to challenge the government's claim. Well, he did. And he challenged it on the basis of, I've got a mechanics lien. And the district court said it's invalid. And nobody's, nobody's challenging that on appeal. Your Honor, the basis of our appeal is that the government has no interest. That their rights- No, I know, but it has to be more than they have no interest. You have to represent somebody who has a legally enforceable interest. And that interest would come from the record shows that Dueglo, and the court recited that Dueglo entered into an agreement that said that he, that it wanted, it agreed that Charles Capps should be paid out of the funds if this appeal was successful. Dueglo acknowledged the improvements made. And I do want to get to the purchase money security interest. It's fine with me, go ahead. The, the Slodov case and revenue ruling, sorry, revenue ruling, and, and, and revenue ruling of the, of the, of the IRS show that, that some, that someone in Dueglo's position who, who contributes property to the estate is protected in their interest. If Dueglo had not redeemed this property and all the proceeds would have disappeared. So let me just get one, I'm going to ask a question to clarify my understanding. So Dueglo, not before us, they did not challenge the denial of their motion to intervene. They do not, we cannot adjudicate anything as to Dueglo, agreed? Agreed. Okay. So that leaves Charles Capps. To the extent Charles Capps' arguments, assuming they're not waived for litigation reasons, but Charles Capps' arguments rely on Dueglo, that's also not before us, correct? I believe that Charles Capps can, it'd be my position that Charles Capps can raise Dueglo's position in order to, number one, in order to undercut the government and to also show at least the standing to make these claims. But his standing, Charles Capps' argument that is independent of Dueglo relies on the mechanics lien. Is that correct? No, it also relies on Dueglo's willingness to pay him without needing a mechanics lien and therefore he has an adjudicable, an adjustable interest in this claim. And so, Your Honor, at the end, the court, the government may or may not have seen, the government alleged that Michael Capps inserted himself into the last closing. He did not. The government required him to be a conduit between Dueglo and the ultimate purchaser. The only apparent reason for that was to try to have a lien reattach. There's a Kansas case, an old one, Harrison and Willis v. Andrews, 18, 535, it's an 1877 case. It says, bare naked title is not enough for a lien to attach to. And when somebody's just a mere conduit from one person to another in a simultaneous transaction, there's nothing more than bare naked title and that is not enough for the government's lien to reattach. Okay, thank you, Counselor. You're out of time. Good morning. May it please the Court, Catherine Sheedy appears for the United States. We're here today to address challenges to the United States' enforcement of a criminal restitution order against the property of criminal defendant Michael Capps. This is not a real estate case. Well, it sort of is. I mean, we're going through the, you put a lien on some real estate and you wanted the money when it was sold. So the underlying criminal case, other than the fact that it gave you your right to the money, doesn't have anything to do with it. That's correct. But as I listen to the Court's questions to Appellant's Counsel, I see that the Court's instincts about this case are correct. Appellants have waived the merits arguments that they're desperately asking this Court to reach and the Court doesn't need to go there. The Court doesn't need to wade into these real estate issues. Educate me about the proceeding below. What did Charles Capps argue below on his behalf? The record is rather convoluted. But Charles Capps clearly argued that he had a mechanic's lien against the real estate and that mechanic's lien attached to the proceeds from the sale of that real estate. And why did he have standing in the District Court? He had standing because the Federal Debt Collections Procedures Act basically implies that third parties who have an interest in the property subject to enforcement by the United States can participate in those enforcement proceedings. And he was named in the garnishment notice, wasn't he? He wasn't named in the garnishment, but a separate notice was provided to Charles Capps informing him of his opportunity to move to quash the garnishment to assert his interest. So there's no question that Charles Capps could participate in this proceeding. And when he did participate in the proceeding, he filed an objection to garnishment which didn't really set forth his entire argument. It actually just referenced a state court interpleader action where he claimed that he had a mechanic's lien on this property. Okay. So this argument about the revenue ruling and the Slodov case, did Charles Capps press those before the District Court? He did, but it wasn't timely. He didn't even mention revenue rulings or the Slodov case until the court asked for supplemental briefing. After Charles Capps had filed his initial objection to the garnishment, the United States responded. Charles Capps held a second objection to the garnishment, which again, the United States objected to that on procedural grounds, but the District Court interpreted it as a reply. We had a hearing on the objections, and the court asked for supplemental briefing after that hearing. Simultaneous supplemental briefing on limited issues that the court still had questions about after the hearing. Presumably the request for supplemental briefing didn't include the application of the revenue ruling in the Slodov case? Absolutely not. Okay. And so the District Court declined to consider the revenue rulings and the Slodov case because they weren't timely raised, and the District Court also notes that even if they were timely raised, they were raised on behalf of Dweglow, who was not a party to the case. So after supplemental briefing was submitted, but before the court had ruled on Charles Capps' objections, Charles Capps and Dweglow filed a joint motion to intervene, for Dweglow to intervene. Do you, does the government think that Charles Capps' arguments for his entitlement to the funds all depend on Dweglow, or are there other arguments that, regardless of, putting aside for a minute whether they're waived or not, that are independent, that are just his, that don't piggyback off of Dweglow? The arguments waived in Appellant's brief, in those arguments, Charles Capps piggybacks off of Dweglow's, and I think Counsel for Appellants already admitted that here today, that Charles Capps' rights are derivative of Dweglow's. So I don't believe there's anything in the opening brief that really challenges the district court's adverse ruling as to Charles Capps. So to what extent does our conclusion that because of the failure to challenge the denial of the motion to intervene, that ruling keeps Dweglow out of this court, right? And how should we be thinking about that as it relates to anything that Charles Capps is bringing? Do we look at it independently? No. I think that they're wholly related because Charles Capps waived any argument that the rulings adverse to him in the district court should be reviewed by this court. So I think Charles Capps isn't really a necessary party to this appeal, other than he's piggybacking off of the claims of Dweglow. But as the court has noted, Dweglow isn't a proper party to this case. Well, you're not contending that Capps doesn't have appellate standing, right? Well, he has appellate standing to challenge the ruling adverse to his claim, which was the ruling saying that his mechanic's claim was invalid, but that's not what he's arguing before this court. I guess he could also challenge the district court's decision not to accept, you know, his additional arguments in the supplemental briefing as an abuse of discretion or something like that. He could, but he did not. Right. Okay. All right. All right. Thank you. Judge Kelly, you have any questions? No. Okay. Hold on. Don't sit down. I might have another question for you. That was abrupt. I just want to make sure. Okay. I don't have anything. Thank you, Counsel. Okay. Thank you. Okay. The case is submitted and counsel are excused.